O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GORDON HUGHES,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　Defendant. | CASE NO. CV 11-09608 RZ<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Robert Gordon Hughes, who had suffered a heart attack prior to the administrative decision in this case, asserts that this matter should be remanded because of two errors and one post-decision occurrence.

　　　　The first claimed error concerns the Administrative Law Judge's decision that Plaintiff could return to his past relevant work of being a telephone solicitor. "Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1) (citation omitted). "Substantial gainful activity" in turn refers to activity that is done for pay or profit and involves significant mental or physical activities. 20 C.F.R. § 404.1571-72. Plaintiff asserts that the Administrative Law Judge erred in implicitly finding that there was substantial gainful activity with respect to the past work as a telephone solicitor.

The regulations provide that certain earnings levels indicate that a job was or was not likely to have constituted substantial gainful activity. 20 C.F.R. § 404.1574. The parties argue over the earnings that Plaintiff had for the three occasions on which he acted as a telephone solicitor. Earnings levels, however, only establish presumptions, not conclusions. *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). Low earnings (earnings below standards set in the regulations) shift the burden of proof at Step 4 of the sequential evaluation from the claimant to the Commissioner; earnings that are not low mean that the burden remains with the claimant. *Id*. at 515.

In *Lewis*, the Court reversed a finding of substantial gainful activity, first finding that the earnings were below the threshold so that the burden of proof shifted to the Commissioner, then applying other factors in the regulations to find that the Commissioner had not carried his burden of proof. *Id.* at 515-16. The facts of that case suggest that here, where the amount of time spent as telephone solicitor was quite limited, it may be that Plaintiff did not have substantial gainful activity. Here, however, the record was not well developed on this point, and in fact the issue was not addressed directly. It would be better than guessing, and trying to draw inferences from only occasional bits of record material, if the Administrative Law Judge directly addressed the matter of substantial gainful activity himself.

Because of the Court's resolution of this issue, it is not necessary to address the fact that Plaintiff since has had another heart attack. On remand, the Commissioner can decide what if any action to take with respect to that information. Likewise, the Commissioner can decide whether there is need for additional consideration of any mental impairment, separately or as a consequence of Plaintiff's heart condition. The Court expresses no views on these subjects.

///
///
///
///

In accordance with the foregoing, the decision is reversed, and the matter is remanded to the Commissioner for further proceedings.

DATED: July 10, 2012

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE